UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESCOBEDO,<br><br>             Plaintiff,<br><br>      v.<br><br>NORMA ANGELICA CARRILLO dba CARRILLO'S MEXICAN FOOD, et al.,<br><br>             Defendants. | Case No.  1:25-cv-00479-KES-BAM<br><br>**ORDER TO SHOW CAUSE RE SUPPLEMENTAL JURISDICTION**<br><br>FOURTEEN-DAY DEADLINE |

On April 25, 2025, Plaintiff Jose Escobedo initiated this action against Defendants Norma Angelica Carrillo dba Carrillo's Mexican Food; Eleazar Carrillo dba Carrillo's Mexican Food; Roy E. McKenney, Co-Trustee of the Roy E. and Laverne I. McKenney Family Trust, Under Declaration of Living Trust Dated May 11, 1994; and Laverne I. McKenney, Co-Trustee of the Roy E. and Laverne I. McKenney Family Trust, Under Declaration of Living Trust Dated May 11, 1994.  (Doc. 1.)  The Complaint asserts claims for injunctive relief under the Americans with Disabilities Act of 1990 ("ADA") and the California Health and Safety Code and a claim for statutory damages under California's Unruh Civil Rights Act ("Unruh Act").  (*Id.*)  Defendants have not yet appeared in this action.

Having further considered the matter based upon the Ninth Circuit opinion in *Vo v. Choi*, this Court will order Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(c); *Vo v. Choi*,

1

1  49 F.4th 1167 (9th Cir. 2022) (holding the district court properly declined to exercise
2  supplemental jurisdiction in a joint Unruh Act and ADA case).

3  In the Unruh Act, a state law cause of action expands the remedies available in a private
4  action. California, in response to the resulting substantial volume of claims asserted under the
5  Unruh Act and the concern that high-frequency litigants may be using the statute to obtain
6  monetary relief for themselves without accompanying adjustments to locations to assure
7  accessibility to others, enacted filing restrictions designed to address that concern. *Arroyo v.*
8  *Rosas*, 19 F.4th 1202, 1211–12 (9th Cir. 2021). These heightened pleading requirements apply to
9  actions alleging a "construction-related accessibility claim," which California law defines as "any
10 civil claim in a civil action with respect to a place of public accommodation, including but not
11 limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged
12 violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). The
13 requirements apply to claims brought under the Unruh Act as well as to related claims under the
14 California Health & Safety Code. *See Gilbert v. Singh*, No. 1:21-cv-1388-AWI-HBK, 2023 WL
15 2239335, *2 (E.D. Cal. Feb. 27, 2023).

16 California imposes additional limitations on "high-frequency litigants," defined
17 as:

> A plaintiff who has filed 10 or more complaints alleging a construction-related
> accessibility violation within the 12-month period immediately preceding the filing
> of the current complaint alleging a construction-related accessibility violation.

20 Cal. Civ. Proc. Code § 425.55(b)(1). The definition of "high-frequency litigant" also extends to
21 attorneys who represent "as attorney of record 10 or more high-frequency litigant plaintiffs in
22 actions that were resolved within the 12-month period immediately preceding the filing of the
23 current complaint alleging a construction-related accessibility violation . . . ." Cal. Civ. Proc.
24 Code § 425.55(b)(2). "High-frequency litigants" are subject to a special filing fee and further
25 heightened pleading requirements. *See* Cal. Gov. Code § 70616.5; Cal. Civ. Proc. Code §
26 425.50(a)(4)(A). By enacting restrictions on the filing of construction-related accessibility
27 claims, California has expressed a desire to limit the financial burdens California's businesses
28 may face for claims for statutory damages under the Unruh Act. *See Arroyo v. Rosas*, 19 F.4th at

2

1  1206-07, 1212.  The Ninth Circuit has also expressed "concerns about comity and fairness" by
2  permitting plaintiffs to circumvent "California's procedural requirements."  *Vo v. Choi*, 49 F.4th at
3  1171.  Plaintiffs who file these actions in federal court evade these limits and pursue state law
4  damages in a manner inconsistent with the state law's requirements.  *See generally*, *Arroyo v.*
5  *Rosas*, 19 F.4th at 1211–12; *Vo v. Choi*, 49 F.4th at 1171-72.

6       In an action over which a district court possesses original jurisdiction, that court "shall
7  have supplemental jurisdiction over all other claims that are so related to claims in the action
8  within such original jurisdiction that they form part of the same case or controversy under Article
9  III of the United States Constitution."  28 U.S.C. § 1367(a).  Even if supplemental jurisdiction
10 exists, however, district courts have discretion to decline to exercise supplemental jurisdiction.
11 28 U.S.C. § 1367(c).  Such discretion may be exercised "[d]epending on a host of factors"
12 including "the circumstances of the particular case, the nature of the state law claims, the
13 character of the governing state law, and the relationship between the state and federal claims."
14 *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

A review of Plaintiff Escobedo's prior cases in this District reveals that he has filed at least ten (10) construction-related accessibility cases in this district within the 12-month period immediately preceding the filing of this action on April 25, 2025.  Accordingly, it is HEREBY ORDERED as follows:

1. Plaintiff is ORDERED to show cause, in writing, **within fourteen (14) days of service of this order**, why the Court should not recommend declining to exercise supplemental jurisdiction over Plaintiff's state law claims;

2. In responding to the show cause order, Plaintiff is further ORDERED to:
    a. identify the amount of statutory damages Plaintiff seeks to recover; and
    b. provide declarations from Plaintiff and Plaintiff's counsel, signed under penalty of perjury, providing all facts necessary for the Court to determine if each is a "high-frequency litigant;" and

3. Plaintiff is cautioned that the failure to respond may result in a recommendation to dismiss of the entire action without prejudice.  Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply with … a court order"); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).  Further, an inadequate response will result in the Court recommending that supplemental jurisdiction over Plaintiff's state law claims be declined and that they be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

IT IS SO ORDERED.

Dated:   **April 30, 2025**              /s/ Barbara A. McAuliffe            
                                              UNITED STATES MAGISTRATE JUDGE