UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESCOBEDO,<br><br>    Plaintiff,<br><br>    v.<br><br>NORMA ANGELICA CARRILLO dba CARRILLO'S MEXICAN FOOD, et al.,<br><br>    Defendants. | No. 1:25-cv-00479-KES-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DECLINING SUPPLEMENTAL JURISDICTION, AND DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE<br><br>Doc. 11 |

On April 25, 2025, plaintiff Jose Escobedo initiated this action against defendants Norma Angelica Carrillo dba Carrillo's Mexican Food; Eleazar Carrillo dba Carrillo's Mexican Food; Roy E. McKenney, Co-Trustee of the Roy E. and Laverne I. McKenney Family Trust, Under Declaration of Living Trust Dated May 11, 1994; and Laverne I. McKenney, Co-Trustee of the Roy E. and Laverne I. McKenney Family Trust, Under Declaration of Living Trust Dated May 11, 1994 (collectively "defendants"). Doc. 1. The complaint alleges violations of Title III of the Americans with Disabilities Act (the "ADA claim"), the California Unruh Civil Rights Act, and the California Health and Safety Code (both the "state claims"). *See generally id.* Escobedo contends that several features of defendants' property—including heavy doors, round doorknobs, and high restroom product dispensers—made it difficult for him to access and use the property with his disability. *Id.* ¶ 10. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

1

On April 30, 2025, the magistrate judge ordered Escobedo to show cause why the Court should not decline to exercise supplemental jurisdiction over his Unruh Act claim in light of the Ninth Circuit's decision in *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022) (affirming a district court's decision to decline supplemental jurisdiction in a joint Unruh Act and ADA case).  Doc. 4; *see* 28 U.S.C. § 1367(c).  On May 14, 2025, Escobedo filed a response.  Doc. 6.

Considering Escobedo's response, the magistrate judge issued findings and recommendations, filed on June 3, 2025, that recommended (1) the Court decline to exercise supplemental jurisdiction over Escobedo's Unruh Act and California Health & Safety Code construction-related accessibility claims; and (2) Escobedo's Unruh Act and California Health & Safety Code construction-related accessibility claims be dismissed without prejudice, pursuant to 28 U.S.C. § 1367(c)(4).  Doc. 11 at 7.  Specifically, the magistrate judge found that since California statutes address high-frequency litigants by imposing heightened pleading standards and extra filing fees, "exceptional" and "compelling" circumstances exist to warrant declining supplemental jurisdiction.  *Id.* at 4; 28 U.S.C. § 1367(c)(4).  Escobedo acknowledges that he is considered a high-frequency litigant under California law, having filed more than ten construction-related accessibility cases in this district within twelve months preceding the filing of this action on April 25, 2025.  Doc. 6 at 2; Doc. 6-1 ¶ 2.  The magistrate judge found that permitting the bypass of California's system that addresses high-frequency litigation of construction-related accessibility violations would be unfair to defendants, burden federal courts with forum-shopping claims, and sidestep California's interest in regulating state-law actions.[1]

The findings and recommendations contained notice that any objections thereto were to be filed within fourteen days after service.  Doc. 11 at 7.  Escobedo has not filed any objections and the time to do so has passed.  In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review of this case.  Having carefully reviewed the file, the Court concludes that the

---

[1] *See Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) (relying on *Hanna v. Plumer*, 380 U.S. 460, 467–68 (1965), for the proposition that federal courts may decline supplemental jurisdiction to discourage forum-shopping, such as ADA plaintiff's "use [of] federal court as an end-around to California's pleading requirements"); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (discussing fairness, judicial economy, and convenience as factors for discretionary decisions of supplemental jurisdiction).

1  findings and recommendations are supported by the record and proper analysis.

2  Accordingly:

3  1. The findings and recommendations filed on June 3, 2025, Doc. 11, are adopted in full;

5  2. The Court declines to exercise supplemental jurisdiction over Escobedo's Unruh Act and California Health & Safety Code construction-related accessibility claims; and

8  3. Escobedo's Unruh Act and California Health and Safety Code construction-related accessibility claims are dismissed without prejudice, pursuant to 28 U.S.C. § 1367(c)(4).

IT IS SO ORDERED.

Dated:    June 25, 2025

UNITED STATES DISTRICT JUDGE

3